UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN NNAJI,<br><br>        Plaintiff,<br><br>        -v.-<br><br>JORGE GUZMAN FERNANDEZ; GOYA FOODS, INC.; and PENSKE TRUCK LEASING CORPORATION,<br><br>        Defendants. | 21 Civ. 1559 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

  On August 4, 2020, Plaintiff Benjamin Nnaji and his infant son were involved in a motor vehicle collision. This collision gave rise to two lawsuits, both of which originated in New York State Supreme Court, Bronx County. First, Plaintiff commenced an action against Defendants Jorge Guzman Fernandez, Goya Foods, Inc. ("Goya"), and Penske Truck Leasing Corporation ("Penske," and collectively with Guzman Fernandez and Goya, "Defendants"). Days later, Plaintiff's infant son, represented by his mother and natural guardian, followed suit, naming as defendants each of the parties in this case (the "State Action"). On February 22, 2021, Defendants Guzman Fernandez and Goya removed the first action to this Court on the basis of diversity jurisdiction. Plaintiff now seeks to remand this case to New York State Supreme Court, so that it may be consolidated with the State Action. For the reasons stated below, Plaintiff's motion is granted and this case will be remanded to New York State Supreme Court.

## BACKGROUND[1]

### A. The Parties and the Underlying Accident

As noted, this action arises from a motor vehicle accident. Specifically, on August 4, 2020, Plaintiff was operating his personal vehicle when he collided with a tractor-trailer operated by Defendant Guzman Fernandez. (Compl. ¶¶ 60-62). Plaintiff is a resident of New York, while Defendant Guzman Fernandez is a resident of Pennsylvania. (*Id.* at ¶ 1; Notice ¶ 3). The Court understands that Plaintiff's infant son, a resident of New York, was a passenger in the car driven by Plaintiff at the time of the accident. (*See* E.N. Compl. ¶¶ 1, 68, 71).

At the time of the accident, Guzman Fernandez was driving a tractor-trailer owned and leased by Defendants Goya and Penske. (Compl. ¶¶ 22-57). Goya and Penske are both Delaware corporations with principal places of business in New Jersey and Pennsylvania, respectively. (Notice ¶ 3).

---

[1] The facts set forth herein are drawn from Plaintiff's Complaint ("Compl." (Dkt. #11-2)). In resolving the instant motion, the Court "accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Fed. Ins. Co.* v. *Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) (citation omitted). The Court will also consider the Notice of Removal filed by Defendants Guzman Fernandez and Goya (the "Notice" (Dkt. #1)); the Declaration of Adam C. Weiss submitted in support of Plaintiff's Motion for Remand (cited as "Weiss Decl." (Dkt. #11-1)); and all the exhibits attached thereto. *See Arseneault* v. *Congoleum Corp.*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) ("The Second Circuit ... has said that, on jurisdictional issues, federal courts may look outside [the] pleadings to other evidence in the record," and therefore the court will consider "material outside of the pleadings" submitted on a motion to remand. (citation and internal quotation marks omitted)), *reconsideration denied*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002). The Complaint filed in the State Action is referred to as "E.N. Complaint" or "E.N. Compl." (Weiss Decl., Ex. 3).

For ease of reference, Plaintiff's opening memorandum is referred to as "Pl. Br." (Dkt. #11-8); Defendants' opposition memorandum is referred to as "Def. Opp." (Dkt. #13); and Plaintiff's reply memorandum is referred to as "Pl. Reply" (Dkt. #14).

### B. Plaintiff's Complaint and the State Action

On December 17, 2020, Plaintiff commenced an action in New York State Supreme Court, Bronx County, against Defendants Guzman Fernandez, Goya, and Penske. (*See* Compl.). In his Complaint, Plaintiff alleges that his collision with Defendant Guzman Fernandez was caused "wholly and solely by reason of the fault, carelessness, and negligence of the [D]efendants, without any fault or negligence on the part of the [P]laintiff contributing thereto." (*Id.* at ¶ 66). Plaintiff seeks to recover damages for the injuries he sustained in the accident. (*Id.* at ¶¶ 71-75).

On December 21, 2020, Plaintiff's infant son, acting through his mother and natural guardian, commenced a separate action in New York State Supreme Court, Bronx County, against both Plaintiff and the Defendants in the instant action (collectively, the "State Defendants"). (*See* E.N. Compl.). The State Action arises from the same motor vehicle collision, and alleges that Plaintiff's son suffered serious injuries as a result of "the fault, carelessness, and negligence of the [State Defendants]." (*Id.* at ¶¶ 70-72).

The State Action remains pending in New York State Supreme Court, where the State Defendants have filed answers to the E.N. Complaint. (*See* Weiss Decl., Ex. 4-5).

### C. Defendants' Removal and the Instant Motion

Defendants Guzman Fernandez and Goya filed their Answer to the Complaint on February 18, 2021. (*See* Weiss Decl., Ex. 2). On February 22, 2021, Guzman Fernandez and Goya removed the instant action from New York

State Supreme Court to this Court on the basis of diversity jurisdiction. (*See* Notice ¶ 6). In so doing, Guzman Fernandez and Goya asserted that this case fell within the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a), as it is an action between citizens of different States, and the threshold jurisdictional amount appeared to be satisfied. (*Id.* at ¶¶ 2-3, 6). Defendants were unable to remove the State Action due to a lack of complete diversity, as Nnaji and his son are both citizens of New York. (*See* E.N. Compl. ¶ 1; Compl. ¶ 1).

Following the removal of this action, Defendant Penske filed its Answer on March 16, 2021. (Dkt. #5). On March 19, 2021, Plaintiff filed a motion to remand this action to New York State Supreme Court pursuant to 28 U.S.C. § 1447(e). (Dkt. #11). The Court proceeded to set a briefing schedule, pursuant to which Defendants' opposition brief was filed on April 13, 2021 (Dkt. #13), and the motion was fully briefed with the filing of Plaintiff's reply brief on April 26, 2021 (Dkt. #14).

## DISCUSSION

**A.    Applicable Law**

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P.* v. *Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as

the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Id.*

Pursuant to 28 U.S.C. § 1441(a), a party may remove a state court action to federal court if the action could originally have been commenced in federal court. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). As relevant here, district courts have original jurisdiction over cases "between ... citizens of different states," where the amount in controversy exceeds $75,000. *Id.* § 1332(a).

Once an action has been removed, 28 U.S.C. § 1447(c) permits remand to state court on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction. *See Frontier Ins. Co.* v. *MTN Owner Tr.*, 111 F. Supp. 2d 376, 379 (S.D.N.Y. 2000). And under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys.* v. *WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted). When an action is removed on the basis of diversity, the party invoking jurisdiction bears

5

"the burden of establishing that the requirements for diversity jurisdiction [are] met." *Mehlenbacher* v. *Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Lucas* v. *Verizon Commc'ns, Inc.*, No. 20 Civ. 5542 (AJN), 2021 WL 1226889, at *3 (S.D.N.Y. Mar. 31, 2021) (alteration and citation omitted); *see also Purdue*, 704 F.3d at 213.

**B.     Analysis**

Plaintiff seeks remand of this action to state court pursuant to 28 U.S.C. § 1447(e). (Pl. Br. 7-8). In his moving papers, Plaintiff neither disputes that this Court has subject matter jurisdiction over this matter based on diversity of citizenship, nor seeks to amend his Complaint to name any additional defendants. (*See generally id.*). Rather, Plaintiff argues that the rationale underlying courts' application of § 1447(e) is best served by remand of this action. (*See id.* at 8). In their opposition, Defendants advance a narrow reading of § 1447(e). (Def. Opp. 3). Moreover, they disagree that remand is warranted here, even were the Court willing to apply § 1447(e) more broadly. (*Id.* at 6-7). The Court agrees with Plaintiff that remand is appropriate under these circumstances.

    **1.     Remand to Facilitate Consolidation in State Court Is Permissible Under § 1447(e)**

As Defendants observe in their opposition briefing, § 1447(e) is not strictly applicable to the instant case, given that Plaintiff is not seeking joinder of a non-diverse defendant. (Def. Opp. 3). That said, courts in this District have remanded cases pursuant to § 1447(e) in order to facilitate consolidation

with related actions in state court. *See, e.g.*, *Mensah* v. *World Truck Corp.*, 210 F. Supp. 2d 320 (S.D.N.Y. 2002); *Reyes* v. *Rite-Line Transp., Inc.*, No. 13 Civ. 968 (RWS), 2013 WL 3388975 (S.D.N.Y. July 8, 2013). In so doing, courts have recognized that § 1447(e) "awards federal courts 'discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved.'" *Reyes*, 2013 WL 3388975, at *2 (quoting *Morze* v. *Southland Corp.*, 816 F. Supp. 369, 370 (E.D. Pa. 1993)). These courts have thus demonstrated willingness to consider requests to remand — even in the absence of a request for joinder — under the "rubric" of § 1447(e). *Id.* at *3.

Plaintiff advocates that the Court take a similar approach here, and adopt the reasoning of the district courts in *Mensah*, 210 F. Supp. 2d at 322, and *Reyes*, 2013 WL 3388975, at *2-4. *Mensah* and *Reyes* are factually and procedurally similar to the instant matter, in that they both arose from motor vehicle collisions — and in both cases, plaintiffs sought to remand the removed actions to state court to allow consolidation with other pending actions. *See Mensah*, 210 F. Supp. 2d at 321; *Reyes*, 2013 WL 3388975, at *1. In *Mensah*, the district court considered plaintiff's motion under the framework of § 1447(e), reasoning that "the policy rationale" behind the statutory provision militated in favor of its application. 210 F. Supp. 2d at 322. The court granted remand, holding that "[t]he most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding." *Id.* (quoting *Morze*, 816 F. Supp. at 371). Some years later,

7

in *Reyes*, the district court similarly declined to undertake a "strict application" of § 1447(e), instead observing that the *Mensah* line of cases "suggest[s] that the policy rationale of Section 1447(e) could, and should, extend to avoid 'multiple and duplicative litigation.'" 2013 WL 3388975, at *4 (alteration omitted) (quoting *Mensah*, 210 F. Supp. 2d at 322). A number of district courts outside this Circuit have also indicated that § 1447(e) may permit remand where plaintiffs seek to consolidate cases in state court. *See, e.g., Groh* v. *Monestero*, No. 13 Civ. 1188 (MMB), 2013 WL 1809096, at *4 (E.D. Pa. Apr. 29, 2013) (granting remand where plaintiff's "goal" was to consolidate the lawsuit with related state-court actions against other defendants and joinder of those defendants was "impossible"); *cf. McDermott Inc.* v. *Indus. Risk Insurers*, No. 03 Civ. 402 (KDE), 2003 WL 21362330, at *5-6 (E.D. La. June 10, 2003) (observing that "an argument can be made" that § 1447(e) allows federal district courts to grant remand absent a request for joinder).[2]

---

[2] The Court recognizes that in at least two instances, district courts in this Circuit have declined to apply § 1447(e) to allow consolidation with pending state actions. *See Gissim, Inc.* v. *Scottsdale Ins. Co.*, No. 16 Civ. 3306 (ILG) (SLT), 2016 WL 7413488 (E.D.N.Y. Dec. 22, 2016); *Koch* v. *Pechota*, No. 10 Civ. 9152 (RWS), 2012 WL 2402577 (S.D.N.Y. June 26, 2012). However, neither of these cases suggests that courts are unable to grant remand under § 1447(e) when presented with circumstances similar to *Mensah* and *Reyes*. In *Gissim*, the district court distinguished *Mensah* and *Reyes*, observing that unlike those cases, the action before it could not be consolidated with the underlying state court action even if remanded. 2016 WL 7413488, at *3. In *Koch*, while the district court indicated that § 1447(e) was inapplicable where plaintiff did not seek to join additional defendants, it emphasized that the removed case was "qualitatively different" than the state case. 2012 WL 2402577, at *5-6 ("The overlap of facts between this case and the state case will be minimal, if any, nor is consolidation of the cases a concern."). Moreover, the following year, the same district court granted remand pursuant to § 1447(e) in *Reyes*. 2013 WL 3388975, at *4. For the reasons discussed *infra*, this Court finds that the instant matter is more akin to *Mensah* and *Reyes* than *Gissim* and *Koch*.

Here, Plaintiff does not seek to join additional defendants, but to remand the case so that it may be consolidated with the State Action. (Pl. Br. 8; Pl. Reply 2-3). Whether by joinder or by consolidation, Plaintiff seeks to consolidate the relevant parties into a single action. The Court thus rejects Defendants' formalistic argument for a narrow reading of § 1447(e).

Moreover, Defendants' attempts to distinguish *Mensah* and its progeny are unpersuasive. Defendants argue that Plaintiff failed to "ground his motion on consolidation." (Def. Opp. 4). But the Court is satisfied that Plaintiff intends to seek consolidation upon remand. (*See* Pl. Br. 8; Pl. Reply 3 ("[P]laintiff has affirmatively represented that he intends to consolidate this case with the [State Action][.]")). Defendants next note correctly that in *Mensah*, all parties consented to the request for remand. (Def. Opp. 4-5). While that is true, the parties' agreement on remand is "but one factor" in the analysis. *Reyes*, 2013 WL 3388975, at *4 (granting remand despite defendants' opposition). For the reasons that follow, the other factors weigh in favor of remand.

### 2. The Policy Rationale Underlying § 1447(e) Supports Remand

Having determined that § 1447(e) permits remand even where a plaintiff does not seek joinder of additional defendants, the Court will next consider the interests and prejudices to each party to determine whether remand is appropriate. As did the court in *Mensah*, the Court finds that "[t]he most logical, economical and equitable approach" is remanding this action to allow consolidation. 210 F. Supp. 2d at 322 (quoting *Morze*, 816 F. Supp. at 371).

9

Remand is particularly appropriate given the significant factual overlap between this action and the State Action. Both the State Action and the instant action arise out of the same underlying event: the collision on August 4, 2020. (*See generally* Compl.; E.N. Compl.). With the exception of Plaintiff's son, both actions involve the same parties. And both plaintiffs seek relief pursuant to theories of defendants' negligence. (Compl. ¶ 66; E.N. Compl. ¶ 72). Thus, absent remand, the parties will be forced to litigate nearly identical facts and claims in two courthouses, under two sets of rules, before two judges. Such a result would not serve the interests of justice.

*First*, denying Plaintiff's motion creates a risk of inconsistent outcomes. As formulated, both complaints assert conflicting views as to the extent of the parties' negligence and responsibility for the collision. In particular, the E.N. Complaint alleges that Plaintiff Nnaji negligently contributed to the collision (*see* E.N. Compl. ¶ 72), while Plaintiff's Complaint affirmatively denies any contributory negligence (Compl. ¶ 66). And, ultimately, the onus will be on the factfinder to determine the scope of Plaintiff's and Defendants' liability. Allowing both actions to proceed separately thus leads to "the potential of the lack of congruity in the resolution of this conflict." *Reyes*, 2013 WL 3388975, at *4; *see also Mensah*, 210 F. Supp. 2d at 322 (remanding to reduce "the risk of inconsistent and contradictory results" and to allow "for a comprehensive resolution of this conflict"). Defendants argue that "[b]ecause all parties are united in the defenses and their claims, the risk of any inconsistent verdict is not an issue." (Def. Opp. 6). The Court disagrees with Defendants' assumption

10

that the parties' unity of interests necessarily reduces the risk of inconsistent verdicts. Moreover, even assuming that there was merit to this argument, allowing the competing actions to proceed would incentivize the parties to race to the entry of judgment in their chosen forum. Remand reduces these risks.

*Second*, absent remand, the parties will engage in duplicative litigation and discovery — precisely what § 1447(e) seeks to avoid. *See Mensah*, 210 F. Supp. 2d at 322 (noting Congress enacted § 1447(e) "in the interest of avoiding multiple and duplicative litigation"); *see also Reyes*, 2013 WL 3388975, at *4 ("Absent remand, Plaintiff will most likely unnecessarily and simultaneously litigate identical facts in two jurisdictions, conduct two courses of discovery, and appear for multiple depositions."). Defendants concede that the actions will involve overlapping discovery. (*See* Def. Opp. 5-6). As an alternative to remand, they propose that the parties share discovery and deposition transcripts across the instant action and the State Action. (*Id.*). But this suggestion is not the panacea Defendants had hoped, as the Court does not have equal power over the parties to the State Action. In particular, the Court's power over E.N. would exist by dint of subpoenas, rather than the broader power the Court has over litigants in actions before it. While Defendants suggest that the courts in the *Reyes* and *Mensah* line of cases missed "the rather practical answer" to the issue of duplicative discovery and testimony (*id.* at 5), the Court does not find Defendants' proffered solution a better or more practical alternative to remand. Not only does the Court doubt that, in practice, discovery can be shared with the ease envisioned by Defendants, but

11

also, Defendants' arguments do not change the fact that "judicial economy weighs in favor of remand."  *Reyes*, 2013 WL 3388975, at *4.

*Lastly*, the Court considers the potential prejudice to the parties. Plaintiff argues that he will be "unduly prejudiced" should he be required to "simultaneously litigate identical facts in two jurisdictions." (Pl. Br. 8).  While Defendants dispute that Plaintiff will be prejudiced if the Court declines to remand (Def. Opp. 2), they do not attempt to argue that they themselves will suffer prejudice in the event of remand.  The Court agrees that denying Plaintiff's motion will subject him to unnecessary duplicative litigation. Though the Court recognizes the significance of this decision to the parties, it finds that the interests of justice are served by remanding the instant matter for consolidation with the State Action.

## CONCLUSION

For the reasons set forth in this Opinion, Plaintiff's motion is GRANTED. The Clerk of Court is directed to remand the case to New York State Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(e).  The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:    June 15, 2021
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge